*Nostrand*
*v.*
*Atwood.*

## JOHN P. JORDAN *versus* THOMAS SMITH.

Where a constable, acting as auctioneer, but without being licensed as such, sold, under color of his office, a quantity of personal property by auction, for the purpose, as was pretended, of satisfying an execution with the proceeds, when in fact he had no such execution in his hands, it was *held*, that he did not thereby incur the penalty imposed by the 6th section of *St.* 1822, *c.* 87, in relation to sales by auction, as being " guilty of any fraud or deceit, *in the execution of this act,* or in eluding or defeating the operation thereof ; but that he was liable to the penalty imposed by the 2d section, for selling by auction without a license."

THIS was an action of *qui tam,* under *St.* 1822, *c.* 87, § 6. The jury returned a special verdict setting forth, that on or about the 27th of March, 1824, the defendant, who was a constable of Williamstown, acting in the capacity of auctioneer, but without being licensed as such, and under color of his office as constable, sold a quantity of personal property by auction, for the purpose, as was pretended, of satisfying an execution with the proceeds of the sale ; but that, in fact, there was no such execution in his hands, and the sale was made with intent to avoid the operation of the statutes relating to sales by auction ; and that if the Court should be of opinion, upon these facts, that the defendant was guilty, then the jury found him guilty, and if the Court should be of a different opinion, not guilty.

*Robinson,* for the plaintiff.

*Bishop* and *D. N. Dewey,* for the defendant, cited Revised Stat. *c.* 29, § 7, and *c.* 9, § 17.

SHAW C. J. Upon the special verdict returned in this case, the Court are of opinion, that the defendant has not incurred the penalty of the 6th section of the act, respecting sales at auction. That penalty was designed to prevent any fraud on the part of any auctioneer or other person in executing and carrying into effect the provisions of the act. Supposing a man were to sell goods, advertising himself as a licensed auctioneer, not being in fact lincensed ; it could hardly be

*Sept. 20th.*

*Sept. 22d.*

Jordan
v.
Smith.

said, that he would be guilty of fraud in executing the act.
And pretending to act under an execution, when he had none
in fact, is of the same character.

But it appears very clearly, that the defendant, by selling
property by auction without license, and not upon legal pro-
cess, incurred the penalty imposed for a violation of the sec-
ond section of the act, for selling goods by auction without
license, and subjected himself to a penalty of $500. But
this could only be prosecuted by indictment, and is not the
ground of a *qui tam* action.

It is not to be presumed, that the legislature intended to im-
pose two distinct penalties for one and the same act. As the
act of selling without license, renders the party liable to one
penalty, the presumption is, that the statute was intended to
operate upon and prohibit another class of acts, to wit, all
falsehood and deceit in rendering the accounts, and other pro-
ceedings under the statute.

*Judgment for the defendant.*